# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TERRI SMITH,

        Appellant,

    v.

DEPARTMENT OF
    TRANSPORTATION,

        Agency.

DOCKET NUMBER
DC-0752-19-0045-I-1

DATE: June 13, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Randolph Bennett</u>, St. Thomas, Virgin Islands, for the appellant.

<u>Darin B. Tuggle</u>, Esquire, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which sustained her removal for excessive absences and dismissed her restoration claim for lack of jurisdiction. Generally, we grant petitions such as this one only in the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review.  Except as expressly MODIFIED in ¶¶ 19-20, below, with respect to the appellant's restoration claim, we AFFIRM the initial decision.

## BACKGROUND

¶2    The appellant was a GS-13 Support Services Specialist for the agency's Office of Inspector General.  Initial Appeal File (IAF), Tab 5 at 38.  On March 10, 2015, the appellant injured her back and neck at work and began a long absence from the workplace.  *Id*. at 48.  The Office of Workers' Compensation Programs (OWCP) ruled the injury compensable, and the appellant began receiving wage loss compensation benefits.  *Id*.  She never returned to duty.

¶3    In July 2016, the appellant attempted to return to duty and engaged in the reasonable accommodation process with the agency, but ultimately, her treating physician declined to give her a medical release.  Hearing Recording (HR), Track 1 at 5:30 (testimony of the Supervisory Human Resource Specialist), Track 3 at 11:30 (testimony of the appellant).  The appellant remained on the wage loss benefit rolls until February 2018, when an OWCP district office notified her that her benefits were being terminated because she no longer had

any residuals or disability due to her accepted work related conditions. IAF, Tab 9 at 48-49; *see* 20 C.F.R. § 10.503. The appellant both sought review of the district office's decision under 20 C.F.R. § 10.616 and notified the agency that she intended to return to duty. IAF, Tab 2 at 3, Tab 5 at 47.

¶4 On February 8, 2018, the appellant contacted the Supervisory Human Resource Specialist in charge of her case at her employing agency. IAF, Tab 2 at 3. The agency's Office of General Counsel and Federal Aviation Administration (which handles workers compensation matters throughout the agency) advised the Supervisory Human Resource Specialist that the appellant should be placed on the agency's reemployment priority list. HR, Track 1 at 22:05 (testimony of the Supervisory Human Resource Specialist); *see generally* 5 C.F.R. part 330, subpart B (regulations governing reemployment priority in the competitive service). The Supervisory Human Resource Specialist informed the appellant that her former position had already been filled, there was nothing available for her at the moment, and she would need to apply for placement on the reemployment priority list. IAF, Tab 3 at 3. The appellant remained on the reemployment priority list at least until May 2018. IAF, Tab 15 at 11-12, 16-17.

¶5 Meanwhile, on June 11, 2018, an OWCP hearing representative granted the appellant's petition and reversed the February 1, 2018 district office decision that terminated her benefits. IAF, Tab 5 at 47-52. The hearing representative decided that there was insufficient evidence to support the district office's decision, and the appellant was returned to the wage loss compensation rolls retroactively. *Id*. at 51-52.

¶6 At some point, the agency determined that it had erred in placing the appellant on the reemployment priority list, and so, on June 21, 2018, it sent her a letter inquiring whether she intended to return to duty in her Support Services Specialist position and warning her that her failure to return could result in removal. IAF, Tab 5 at 46; HR, Track 1 at 22:25 (testimony of the Supervisory Human Resource Specialist). On July 3, 2018, the appellant responded that she

would return to duty "as soon as [she was] cleared by the treating physician," but she gave no indication of when such clearance could be expected to occur. IAF, Tab 5 at 45. On August 6, 2018, the agency proposed the appellant's removal based on a charge of excessive absences. *Id*. at 43-44. After the appellant responded, the agency issued a decision removing her effective September 14, 2018. *Id*. at 39-42.

¶7      The appellant filed a Board appeal challenging the removal decision and arguing that the agency violated her restoration rights. IAF, Tab 1 at 4, 6. She raised affirmative defenses of disability discrimination, retaliation for equal employment opportunity (EEO) activity, and whistleblower reprisal. *Id*. at 5-6. After a hearing, the administrative judge issued an initial decision affirming the removal. Initial Appeal File (IAF), Tab 21, Initial Decision (ID). She found that the agency proved its charge, ID at 2-10, that the appellant failed to prove any of her affirmative defenses, ID at 11-14, and that the penalty was reasonable, ID at 16-18. The administrative judge further found that the Board lacks jurisdiction over the appeal as a restoration claim under 5 C.F.R. § 353.304. ID at 14-16.

¶8      The appellant has filed a petition for review challenging the initial decision. Petition for Review (PFR) File, Tab 1. The agency has not filed a response.

## ANALYSIS

Newly submitted evidence

¶9      The appellant attached three documents to her petition for review: a February 1, 2018 OWCP decision to terminate her wage loss compensation benefits; a July 11, 2017 medical report; and a July 11, 2017 work capacity evaluation. *Id*. at 7-20. The appellant states that she submitted these documents below but the administrative judge failed to consider them. *Id*. at 3. After a careful review of the record, we find that the appellant did not, in fact, submit these documents for the record below. The Board will not consider evidence submitted for the first time on petition for review when it previously was

available but a party elected to not submit it to the administrative judge. *Fox v. U.S. Postal Service*, 81 M.S.P.R. 522, ¶¶ 4-5 (1999). Furthermore, none of these documents appear to be material to the outcome of the appeal. The Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). We therefore decline to consider the evidence that the appellant has submitted for the first time with her petition for review.

Discovery

¶10     On petition for review, the appellant argues that she requested that the agency produce all emails regarding her, including "emails asking for justification for keeping her from returning to duty[,] and those emails were not submitted to her." PFR File, Tab 1 at 4. However, the appellant's failure to file a motion to compel discovery below precludes her from raising this issue for the first time on review. *See Szejner v. Office of Personnel Management*, 99 M.S.P.R. 275, ¶ 5 (2005), *aff'd*, 167 F. App'x 217 (Fed. Cir. 2006).

Removal

¶11     To prove a charge of excessive absences, an agency must establish that: (1) the employee was absent for compelling reasons beyond her control so that agency approval or disapproval of leave was immaterial because the employee could not be on the job; (2) the absences continued beyond a reasonable time, and the agency warned the employee that an adverse action could be taken unless the employee became available for duty on a regular full-time or part-time basis; and (3) the position needed to be filled by an employee available for duty on a regular full-time or part-time basis. *Fox v. Department of the Army*, 120 M.S.P.R. 529, ¶ 31 (2014). In this case, the administrative judge found that the agency proved all three elements of the charge. ID at 8-9.

¶12    The appellant challenges the administrative judge's analysis based on the agency's actions in February 2018, when it placed her on the reemployment priority list instead of returning her to duty in her Support Services Specialist position. She argues that the agency cannot prevent an employee from returning to duty and then later remove her for excessive absences. PFR File, Tab 1 at 4. We construe this as a challenge to the first element of the charge, and we agree with the appellant that the agency erred in placing her on the reemployment priority list. The administrative judge found so too, and the agency itself admitted as much. ID at 4; IAF, Tab 18 at 5. It is appropriate under certain circumstances to place individuals with compensable injuries on a reemployment priority list, but this is limited to situations in which the individual has been separated from her former position. *See* 5 C.F.R. §§ 330.203(b)(2), 353.301(b). Because the appellant had not been separated from her Support Services Specialist position in February 2018, we find that the agency should have attempted to return her to duty in that position, just as it did in July 2016, including engaging in the interactive process with her as appropriate.[2] However, we find that the agency's error was of no consequence because the appellant would not have been able to return to duty in her former position in February 2018 even if the agency had allowed her to do so. We find it more likely that the appellant would ultimately have declined to return to work in February 2018, just as she did in July 2016 and July 2018, when she also expressed her intention to return but declined the agency's offers for want of a medical release from her treating physician. IAF, Tab 5 at 45; HR, Track 1 at 5:30 (testimony of the Supervisory Human Resource Specialist), Track 3 at 11:30 (testimony of the

---

[2] Although the appellant does not challenge the administrative judge's disability discrimination analysis on review, we observe that that the agency's failure to engage in the interactive process in February 2018 did not itself constitute disability discrimination. The appellant has not shown that there was any accommodation available at the time that would have allowed her to perform the duties of her Support Services Specialist position or any other vacant funded position. *See Clemens v. Department of the Army*, 120 M.S.P.R. 616, ¶ 17 (2014).

appellant).   There is no evidence that the appellant had any such release in February 2018, or that her condition was any better at that time than it was in July 2016 or July 2018.[3]

¶13      The appellant asserts that, on February 1, 2018, she was "cleared to return to duty."  PFR File, Tab 1 at 4.  However, the document to which she refers was not a release to return to duty; it was a notice of termination of her wage loss compensation benefits.  PFR File, Tab 1 at 7-13.  Nor was this document authored by the appellant's treating physician, and in any event, it was later determined to be in error.  IAF, Tab 5 at 47-52.  This situation is similar to the one in July 2016, when OWCP "released" the appellant to return to duty with limitations but the appellant declined to return because her treating physician did not concur.  HR, Track 1 at 5:30 (testimony of the Supervisory Human Resource Specialist), Track 3 at 11:30 (testimony of the appellant).  There was no such concurrence in February 2018 either.  Considering the totality of the evidence, we find that the agency's error of not offering the appellant an immediate return to duty in her position of record in February 2018 did not prevent it from proving the first element of its charge, i.e., that the appellant was absent for compelling reasons beyond her control and could not be on the job.

¶14      The appellant has not disputed the second element of the charge, i.e., that her absence from work continued beyond a reasonable time.  We agree with the administrative judge that the appellant's absence of more than 3 years easily satisfies this requirement.  ID at 9; *see Cole v. Department of Veterans Affairs*, 77 M.S.P.R. 434, 440 (1998) (finding that the appellant's total continuous absence of more than 2 years continued beyond a reasonable time).

¶15      The appellant does, however, appear to dispute the third element of the charge, i.e., that her position needed to be filled by an employee available for

---

[3] The actual medical evidence in the record is very sparse.  It consists of summaries prepared by the Office of Inspector General and the OWCP hearing representative and a March 11, 2018 update of the appellant's accepted compensable medical conditions.  IAF, Tab 5 at 48-52, Tab 17 at 8-9, Tab 18 at 20-21.

duty on a regular basis. Specifically, she argues that her position "was held vacant after the agency hired an additional GS-14." PFR File, Tab 1 at 4. We find that this fact is immaterial. The administrative judge found that, after years of dividing the appellant's former duties among current staff on an ad hoc basis, the agency hired a GS-14 Facilities Support Manager to absorb those duties and reduce the burden on the individuals who had been performing them in the interim. ID at 5-7. The fact that the appellant's former GS-13 Support Services Specialist position persisted as a vacant fulltime equivalent does not rebut the agency's showing that it needed someone to perform the duties formerly assigned to that position and, in fact, the agency hired another individual for that purpose.

¶16    The appellant has not directly challenged the administrative judge's analyses of the nexus and penalty issues, and for the reasons explained in the initial decision, we agree with the administrative judge that the agency proved that removal was reasonable under the circumstances of this case. ID at 16-18.

Restoration

¶17    Upon an employee's recovery from a compensable injury, she is entitled to restoration rights under 5 C.F.R. part 353 that are dependent upon both the extent of recovery and the time it takes for her to recover. *Smith v. U.S. Postal Service*, 81 M.S.P.R. 92, ¶ 6 (1999); 5 C.F.R. § 353.301. An employee's Board appeal rights also differ depending on the extent and the timing of her recovery. *Smith*, 81 M.S.P.R. 92, ¶ 7; 5 C.F.R. § 353.304. In this case, the administrative judge analyzed the appellant's claim both as a fully recovered employee and as a partially recovered employee. ID at 14-16; *see* 5 C.F.R. § 353.302(a)-(b), (d). She found, however, that the Board lacks jurisdiction over her claim because the appellant did not meet the definition of "fully recovered" and the agency never denied her request for restoration as a partially recovered employee. ID at 15-16.

¶18    On petition for review, the appellant argues that the agency failed to follow the procedures of 5 C.F.R. § 353.301(b) for returning to duty an individual fully recovered after 1 year. PFR File Tab 1 at 5. Regardless of whether this is true,

we agree with the administrative judge that 5 U.S.C. § 353.301(b) did not apply to the appellant's situation because she was not "fully recovered" within the meaning of the Office of Personnel Management's regulations. ID at 15-16. Under 5 C.F.R. § 353.102, an individual is "fully recovered" when her compensation benefits have been terminated on the basis that she is able to fully perform the duties of her former position or an equivalent one. OWCP's retroactive reinstatement of benefits in June 2018 precludes the appellant from meeting the definition of "fully recovered," and the Board therefore lacks jurisdiction over her restoration claim as a fully recovered individual. *See Zysk v. U.S. Postal Service*, 108 M.S.P.R. 520, ¶ 6 (2008).

¶19 The appellant argues in the alternative that the agency failed to afford her the restoration rights for a partially recovered employee. PFR File, Tab 1 at 5-6; *see generally* 5 C.F.R. § 353.301(d) (setting forth the restoration rights for partially recovered individuals). To establish jurisdiction over such a claim, an appellant must make nonfrivolous allegations that: (1) she was absent from her position due to a compensable injury; (2) she recovered sufficiently to return to duty on a part-time basis, or to return to work in a position with less demanding physical requirements than those previously required of her; (3) the agency denied her request for restoration; and (4) the agency's denial was arbitrary and capricious. *Kingsley v. U.S. Postal Service*, 123 M.S.P.R. 365, ¶ 11 (2016); 5 C.F.R. § 1201.57(a)(4), (b). In this regard, we disagree with the administrative judge that the agency did not deny the appellant's request for restoration. ID at 15. Although the agency did not deny the appellant's request for restoration in 2016, the record shows that it did deny her request in February 2018. IAF, Tab 2 at 26, Tab 3 at 3. Nevertheless, we find that the appellant failed to make a nonfrivolous allegation regarding the second element of her claim, i.e., that she recovered sufficiently to return to work in some capacity.[4] *Cf.* 5 C.F.R. § 353.102 (defining "partially recovered" an as an injured employee who has recovered

---

[4] The administrative judge did not make any explicit findings on this issue.

sufficiently to return to part-time or light duty or to another position with less demanding physical requirements). As explained above, it is undisputed that the appellant was unable to return to duty in July 2018, and there is no evidence to support a finding that she would have been able to return in February 2018, even if the agency had offered her work at that time. *See Davis v. Department of Justice*, 61 M.S.P.R. 92, 98-99, *aff'd*, 43 F.3d 1485 (Fed. Cir. 1994) (Table).

¶20 Because the appellant has not made a nonfrivolous allegation that she is either fully or partially recovered, we find that she is not entitled to restoration under 5 C.F.R. § 353.301, and that the Board lacks jurisdiction over her restoration claim.[5] *See Davis*, 61 M.S.P.R. at 99.

Constructive suspension

¶21 Finally, the appellant appears to contest the agency's action of placing her in a leave without pay (LWOP) status between February and June 2018, during the period that she was not receiving wage loss compensation benefits. PFR File, Tab 1 at 4-6. Under certain circumstances, involuntary placement in an LWOP status can amount to an appealable suspension under 5 U.S.C. chapter 75.[6] *See Martin v. U.S. Postal Service*, 123 M.S.P.R. 189, ¶ 9 (2016); *McHenry v. U.S. Postal Service*, 121 M.S.P.R. 80, ¶ 8 (2014).

¶22 However, the Federal Employees Compensation Act, 5 U.S.C. § 8116(a), prohibits an employee who is awarded OWCP benefits from receiving any other remuneration from the Federal Government. Further, the U.S. Supreme Court declared that this statute was enacted for the purpose of providing the exclusive remedy for injured employees of the United States. *See Johansen v. United States*, 343 U.S. 427, 439-41 (1952). As a result, we held in *Hagan v.*

---

[5] The appellant does not argue that she was "physically disqualified," as that term is defined in 5 C.F.R. § 353.102, but even if she were, there is no evidence that she is capable of performing the duties of any position.

[6] As the administrative judge observed in the initial decision, there is no evidence that the appellant had any paid leave available during the time that the agency carried her in an LWOP status. ID at 9.

*Department of the Army*, 99 M.S.P.R. 313, ¶ 11 (2005) and *Roja v. Department of the Navy*, 55 M.S.P.R. 618, 620 (1992) that an employee receiving OWCP is not entitled to receive salary, pay, or remuneration of any type. Because the appellant received retroactive wage loss benefits covering the entire period that the agency carried her in LWOP status, the issue is moot. *See Williams v. U.S. Postal Service*, 31 M.S.P.R. 604, 606 (1986).

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[8]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.